UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE<br><br>Plaintiff,<br><br>v.<br><br>RED LION HOTELS CORPORATION<br><br>Defendant. | Case No.:  20cv1901-LAB (KSC)<br><br>**ORDER REQUIRING CORRECTION TO RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiff Theresa Brooke alleges that in mid-September of this year, she and her husband traveled from Arizona to San Diego and visited the DoubleTree Hotel in Mission Valley, San Diego in September, for leisure purposes. When she arrived, she says she found the drive-up area non-ADA compliant and could not enter the hotel lobby. She sought an injunction to remedy this, saying she intended to return for more leisure travel in December.

At the time Brooke attempted to stay at the DoubleTree, California Governor Newsom's March 19, 2020 stay-at-home order was still in place, in modified form. In an effort to contain the continuing COVID-19 outbreak, the public were directed to stay at home, except when engaged in essential activities. While many activities that might be thought of as recreational were still considered essential, leisure travel by out-of-state residents was never encouraged or deemed essential.

Regardless of the degree of enforcement or enforceability of that order, it is clear that the kind of travel Brooke and her husband were engaged in during September was contrary to public policy. Public policy and the public interest are strong factors in assessing the availability of equitable relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 32–33 (2008) (district court abuses its discretion by issuing an injunction contrary to the public interest).

To be clear, the Court is not questioning that the accessibility of public accommodations is in the public interest, or that removing a barrier to accessibility could legitimately benefit someone else. The problem lies with recognizing Brooke's interest in the travel she engaged in, and wants to engage in in the future. Namely, she came from Arizona, a state noted for its high COVID-19 infection rates, to California for admittedly non-essential reasons, contrary to Governor Newsom's directive. She asks the Court to grant injunctive relief to enable her to do this again. While others might also benefit from an injunction, it is the deprivation of Brooke's own interest that give rises to standing, which in turn allows the Court to exercise subject matter jurisdiction over her ADA claim. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953–54 (9th Cir. 2011) (en banc).

On December 3, the issue gained vitality when California's Acting State Health Officer issued a regional Stay at Home order directing hotels in California not to accept or honor out-of-state reservations for non-essential travel, unless the length of the reservation allowed for the hotel guest to quarantine herself during the required period, and unless the guest actually would quarantine herself for the required period. This order is effective for at least three weeks, and continues indefinitely until certain health criteria are met. At present, there is no way of knowing when those criteria will be met, and there is no reason to believe it will end promptly at the end of three weeks.The Court need not examine the question of whether California has the authority to ban vacationers from COVID-19 hotspots. The fact is, California — in spite of its history as destination for many out-

of-state tourists — has decided that containing the COVID-19 pandemic outweighs its economic interest, and is actively attempting to stop the kind of travel that Brooke has engaged in and wants to engage in again.

The Court, carrying out its obligation to raise and address jurisdictional issues whenever a question arises, ordered Brooke to show why the Court had jurisdiction over her Americans with Disabilities Act claim. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). Within three days, Brooke's attorney Peter Strojnik filed a response in the form of a declaration under penalty of perjury signed by Brooke, but not by Strojnik. (Docket no. 11 ("Decl.").) As Brooke's counsel of record, Strojnik should have signed the reply himself and should not have set forth legal arguments in the declaration, as if Brooke were making the arguments on her own behalf. *See* Fed. R. Civ. P. 11(a); Civil Local Rule 83.3(f)(1). Her declaration could have been attached as an appendix or exhibit to a response signed by Strojnik, but should not have been filed by itself without his signature.

The response raises other issues, however. Brooke declares under penalty of perjury that she is waiting for Defendant Red Lion Hotels Corporation to inform her that the barrier has been remediated. It is that, she declares, and not anything related to the pandemic that is deterring her from visiting the DoubleTree again. (Decl. ¶¶ 5, 7, 10.) Without saying so explicitly, her declaration implies that she knows Red Lion Hotels Corporation owns the DoubleTree. Besides making clear she expects Red Lion to remove the barrier and notify her of the remediation, she repeatedly refers to the DoubleTree as Defendant's hotel. (*See id.* ¶¶ 2, 9.) She makes these assertions under penalty of perjury, while acknowledging that Red Lion denies it owns the hotel. (*See id.*, ¶ 5.) Of course, if some entity other than Red Lion owns and operates the hotel, that other entity's failure to notify Brooke of any remediation is entirely predictable, because that other entity likely knows nothing about this lawsuit or that Brooke is expecting to hear from it.

Strojnik is required to sign pleadings himself, instead of relying on his client to do so. *See* Fed. R. Civ. P. 11(a). The response as filed is therefore unacceptable and will be stricken unless he promptly corrects this omission. *See id.*

The omission of Strojnik's signature on the response does not alter the effect of Fed. R. Civ. P. 11(b), which was triggered as soon as he electronically filed it or permitted its filing. That subsection provides that Strojnik himself is representing to the Court that the factual contentions have evidentiary support. *See* Rule 11(b)(3). In its answer, filed October 15, Red Lion denied owning or operating the DoubleTree hotel in question. (Docket no. 3 (Answer), ¶ 2.) It identifies the hotel exactly as the complaint does (Compl., ¶ 2 ("DoubleTree by Hilton Hotel San Diego Mission Valley located at 7450 Hazard Center Drive in San Diego California")), so there is no question the parties are talking about the same hotel.[1]

Strojnik has had ample time since then to investigate and confirm whether Red Lion owns or operates the hotel in question. He also has a powerful motive (besides his own Rule 11 obligations) to do so. A major hotel corporation's false denial that it owns or operates a particular hotel property is a either a blunder or an audacious gambit, either of which Strojnik could leverage to his client's advantage. Furthermore, Strojnik has submitted his client's own declaration, again representing to the Court that Red Lion owns this hotel and making clear she believes Red Lion is responsible for removing the barrier and notifying her of its removal. If it turns out that Red Lion does not own the hotel and that Strojnik knew or could have discovered that fact with reasonable diligence, this would be a serious breach.

/ / /

---

[1] By itself, the inclusion of "Hilton" in the hotel's name should prompt a reasonable person, even someone with no particular expertise, to ask whether another company besides Red Lion owns and operates it.

Strojnik must correct the omission of his signature on the response. He may either withdraw the response and refile it in corrected form, or else file a new response with his signature added in an appropriate manner. If in light of this order's discussion he finds anything needs to be corrected or clarified, he should make the correction or clarification before refiling.

Strojnik must make the correction promptly, and in any event no later than **December 17, 2020**. If he does not, the response may be stricken, and the order to show cause will remain unanswered.

**IT IS SO ORDERED**.

Dated: December 11, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge